UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
MULTNOMAH DIVISION

| | |
|---|---|
| THE HANOVER INSURANCE COMPANY, a foreign insurer<br><br>Plaintiff,<br><br>vs.<br><br>MARATHON MANAGEMENT, INC, an Oregon business corporation; DAVID FRIEND, an individual and Class Representative,<br><br>Defendants. | No. 3:26-cv-00903<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff The Hanover Insurance Company ("Hanover") by and through its undersigned attorneys, states and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action seeking declarations under 28 U.S.C. §2201 concerning the respective rights, duties, and obligations, if any, of Hanover and Marathon Management, Inc ("Marathon") under Professional Liability policy No. LH2 J166232 02 that Hanover issued to Marathon (the "Policy") regarding the allegations and claims asserted against Marathon in a lawsuit pending in Multnomah County, Oregon: *David Friend v. Marathon Management, et al.*, case no. 24-cv-50305 (the "Underlying Action")



CLYDE & CO US LLP
401 UNION STREET • SUITE 1400
SEATTLE, WASHINGTON 98101
(206) 689-8500 • (206) 689-8501 FAX

2. Marathon tendered the Underlying Action to Hanover seeking a defense and indemnity under the Policy for the allegations and claims asserted against it. Hanover is providing Marathon a defense in the Underlying Action under a full and complete reservation of rights under the Policy and applicable law but contends none of the allegations and claims against Marathon in the Underlying Action are covered under the Policy.

3. A justiciable controversy thus exists between Marathon and Hanover that requires declarations by this Court of the respective rights, duties, and obligations, if any, of Marathon and Hanover under the Policy for the allegations and claims asserted against him in the Underlying Action. Specifically, Hanover seeks declarations that it is not obligated to defend or indemnify Marathon under the Policy for the allegations asserted against him in the Underlying Action.

## THE PARTIES

4. Hanover is a corporation organized and existing under the laws of the State of New Hampshire with its principal place of business in Massachusetts.

5. Upon information and belief, Marathon is a corporation organized under the laws of the State of Oregon with its principal place of business in Oregon.

6. Upon information and belief, David Friend is an individual and a citizen of the State of Oregon. Mr. Friend is joined as an interested party and to bind him to any determination herein.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this case under 28 U.S.C. §1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

8. Venue is proper under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to this action occurred within the geographical confines of this judicial district.



CLYDE & CO US LLP
401 UNION STREET • SUITE 1400
SEATTLE, WASHINGTON 98101
(206) 689-8500 • (206) 689-8501 FAX

9. This Court has authority under 28 U.S.C. §2201 to grant the declaratory and other relief requested by Hanover.

## FACTS

### A. The Underlying Action

10. On or about December 11, 2024, David Friend filed a First Amended Class Action Allegation Complaint against Marathon and VAA Investment, LLC.

11. A true and correct copy of the First Amended Complaint filed in the Underlying Action is attached as **Exhibit A**.

12. Friend alleges in part as follows:

- During the 90.315 Class Period and the 90.302 Class Period, Plaintiff was a resident and lessee of the Solace apartment complex located in Portland, Oregon.
- VAA Investments LLC owns the Solace Apartments. Marathon manages for VAA, and is a landlord under ORS 90.100 for, the Solace Apartments.
- Marathon Management also manages, and is a landlord under ORS 90.100 for, the following apartment complexes in Oregon: Glendoveer Woods, Bridgeton, McKinney Lane, Bell Tower, Willamette Estates, and Arris; as well as five other properties in Oregon.
- Some or all of the owners of the apartment complexes and properties are closely held or related corporations to Marathon Management. Marathon Management is not a garden-variety property manager who



CLYDE & CO US LLP
401 UNION STREET • SUITE 1400
SEATTLE, WASHINGTON 98101
(206) 689-8500 • (206) 689-8501 FAX

seeks contracts with unrelated owners, but who solicits investors for projects to form single entity limited liability companies to hold the real estate, and then self-manages those projects. The owners and Marathon Management act under a single enterprise.

- During the class period, Marathon Management, acting within the scope of its duties and authority on behalf of real property investors owning property in the State of Oregon, including, but not limited to VAA Investment LLC and the owners of the apartment complexes and properties listed in in the Complaint, listed dwelling units in the State of Oregon for rent, and leased and/or rented apartments or dwelling units to members of the Class and each Subclass, and charged to and collected money from those same members for rent, utility charges, and fees.
- Marathon Management, acting within the scope of its duties and authority on behalf of real property investors owning property in the State of Oregon, leased and/or rented apartments or dwelling units to members of the Class and each Subclass, and charged to and collected money from those same members for rent, utility charges, and fees.
- Marathon and VAA Investments violated ORS 90.315(4)(b)(A) by requiring tenants to pay a monthly utility charge, but failing within 30 days after receipt of the utility providers' bill, to bill them in writing and include with that written bill either a copy of the utility providers' bill or a statement that they may inspect the utility providers' bill at a



CLYDE & CO US LLP
401 UNION STREET • SUITE 1400
SEATTLE, WASHINGTON 98101
(206) 689-8500 • (206) 689-8501 FAX

reasonable time and place.

- Defendants violated ORS 90.315(4)(b)(B)(i) in an ongoing fashion by requiring tenants to pay a monthly utility charge, but failing to provide to them an explanation of the manner in which the utility provider assessed its charges in either the rental agreement or any bill for the utilities.
- Defendants violated ORS 90.315(4)(B)(ii) in an ongoing fashion by requiring tenants to pay a monthly utility charge when the utility provider's bill to the landlord covered multiple tenants, but failing to provide to the tenants an explanation of the manner in which the charge for utility service was allocated among the tenants either in the rental agreement or any bill for the utilities.
- Defendants violated ORS 90.302(1) and (8) and ORS 90.140 by charging or requiring tenants to pay a fee every month without describing it in the written rental agreement and one not allowed or provided for under ORS 90.140 or 90.302. The Defendants called this fee as being for "Meter Reading."
- Defendants violated ORS 90.222 in an ongoing fashion by requiring tenants to obtain and maintain renter's liability insurance, and failing to include in the written rental agreement a description of the requirements of ORS 90.222(5), including that the Defendants must obtain a comparable liability insurance policy and provide documentation of



CLYDE & CO US LLP
401 UNION STREET • SUITE 1400
SEATTLE, WASHINGTON 98101
(206) 689-8500 • (206) 689-8501 FAX

such policy to any tenants who requires such documentation, either orally or in written form. Defendants violated ORS 90.222(7)(b) by requiring the tenants to name the Defendants as additional insured. Defendants violated ORS 90.222(7)(c) by requiring that their tenants waive their insurer's subrogation rights.

- Defendants have included provisions in the rental agreements in violation of the Oregon Residential Landlord and Tenant Act as follows:

  a. The Defendants' rental agreements purport to allow the Defendants to charge a "Manager Early Termination Cost" or "Lease Break Fee" in circumstances not allowed by ORS Chapter 90 and in amounts greater than allowed by ORS 90.302(2)(e);

  b. The Defendants' rental agreements purport to give the Defendants' rights to withhold and claim amounts from the tenant's security deposits in amounts and in circumstances much more favorable than is allowable under ORS 90.300;

  c. The Defendants' rental agreement purports to allow them to apply payments contrary to the order required by ORS 90.220(9);

  d. The Defendants' rental agreement purports to allow them to charge Tenants non-compliance fines in excess of those allowed by law, including an "Animal Violation" in the amount of $100, a "Dishonored Payment" violation in the



CLYDE & CO US LLP
401 UNION STREET • SUITE 1400
SEATTLE, WASHINGTON 98101
(206) 689-8500 • (206) 689-8501 FAX

amount of $75, and a "Lock Tampering Violation" in the amount of $100. These fees are in excess of what is allowed under ORS Chapter 90;

e. The Defendants' rental agreement purports to allow them to charge tenants non-compliance fees, but fails to adequately "describe the prohibited conduct" that would trigger the charging of such fees in violation of ORS 90.302(3).

f. The Defendants' rental agreements purport to allow them to charge tenants an "additional add-on fine equal to 5% of Resident's monthly rent when a second non-compliance fine is levied during any 12-month period regardless as to whether the violation for the same or similar noncompliance and regardless as tow ether it occurred within one year after an initial warning notice;

g. The Defendants' rental agreements purport to require tenants to waive their rights to any abandoned personal property in violation of ORS 90.425(26);

h. The Defendants purport to require the tenants to unconscionably agree to the "exculpation or limitation" of the Defendants' liability as a result of the Defendant's willful misconduct or negligence and to indemnify the Defendants in violation of ORS 90.245(1)(c); and

i. Unconscionably, the Defendants' rental agreement purports



CLYDE & CO US LLP
401 UNION STREET • SUITE 1400
SEATTLE, WASHINGTON 98101
(206) 689-8500 • (206) 689-8501 FAX

to limit their Tenant's remedies to those enumerated under ORS Chapter 90, and therefore, require them to give up the right to pursue other lawful claims, such as those for common law negligence, fraud, elder abuse, and equitable claims.

13. David Friend filed the Underlying Action on behalf of himself as a resident of Solace Apartments as well as all tenants in any rental agreement at any property within the state of Oregon managed by defendant Marathon Management.

14. Mr. Friend asserts monetary damages on behalf of each affected tenant (1) for violation of ORS 90.315, the greater of the total amount of utility charges wrongfully charged or one month's periodic rent; and (2) for violation of ORS 90.302, either: the greater of twice actual damages or $300 for each and every separate fee charged that was not described in the written rental agreement or not one allowed or provided for under ORS 90.302; or actual or compensatory damages for the charging of each and every charge not provided for under ORS 90.140.

**B. <u>The Policy</u>**

15. Hanover issued the Policy to Marathon. Attached as **Exhibit B** is a true and correct copy of the Policy.

16. The Policy is a professional liability claims made policy issued on September 30, 2024. It provides $1,000,000 limit for each Claim not to exceed $1,000,000 for all Claims in the Aggregate.

17. The Policy provides in pertinent part as follows:

**A. COVERAGE – WHAT THIS POLICY INSURES**

**1.** <u>Professional Services Coverage</u>



CLYDE & CO US LLP
401 UNION STREET • SUITE 1400
SEATTLE, WASHINGTON 98101
(206) 689-8500 • (206) 689-8501 FAX

**We** will pay on **Your** behalf those sums which **You** become legally obligated to pay as **Damages** because of any **Claim** made against **You** for a **Wrongful Act.**

**2.** Personal Injury Coverage

**We** will pay on **Your** behalf those sums which **You** become legally obligated to pay as Damages because of any Claim made against **You** for a **Wrongful Act** and are for **Personal Injury.**

…

**D. DEFINITIONS**

**Bodily Injury** means physical injury of a person, sickness, disease or death and, if arising out of the foregoing, mental anguish, emotional distress, mental injury, shock or humiliation.

…

**Claim** means a:

1. Written demand received by an **Insured** for **Damages** or **Equitable Relief;**

2. **Suit;**

…

All **Claims** made against any Insured that include, in whole or in part, allegations of **Wrongful Acts**, facts or circumstances that have a causal or logical connection will be considered one **Claim**. **Wrongful Acts**, facts or circumstances shall be deemed to have a causal connection if one or more of the **Wrongful Acts**, facts or circumstances alleged in one or more of such **Claims** give rise (directly or indirectly) to the **Wrongful Acts**, facts or circumstances alleged in the other of such **Claims.** **Wrongful Acts**, facts or circumstances shall be deemed to have a logical connection if there is a goal, motive or methodology that is both common and central to the matters



CLYDE & CO US LLP
401 UNION STREET • SUITE 1400
SEATTLE, WASHINGTON 98101
(206) 689-8500 • (206) 689-8501 FAX

alleged in such **Claims**. All such **Claims** will be considered first made at the time the earliest such **Claim** was made against any **Insured**.

**Claim Expenses** means all expenses **We** incur or authorize in writing for the investigation, adjustment, defense or appeal of a **Claim.** These expenses include fees charged by a lawyer, mediator or arbitrator with **Our** consent for which **You** are obligated.

**Damages** means monetary judgments, awards or settlements unless otherwise excluded. **Damages** includes prejudgment interest; and post judgment interest that accrues after entry of judgment and before **We** have paid, offered to pay or deposited in court that part of judgment within the applicable Limit of Liability.

**Damages** also means punitive or exemplary **Damages** or the multiple portions thereof, if insurable under the applicable law of the jurisdiction most favorable to the insurability of such **Damages.** **Damages** do not include any costs or expenses in complying with any demand for or award of **Equitable Relief**, even if such compliance is compelled as a result of a judgment, award or settlement. **Damages** also do not include return, restitution or reduction of professional fees, or fines, statutory penalties, or sanctions against **You** (except as provided with respect to punitive or exemplary damages), whether imposed by law or otherwise.

…

**Equitable Relief** means a remedy other than the payment of monetary damages. **Equitable Relief** includes non-monetary relief and injunctive relief.

**Loss** means **Claim Expenses, Damages** and **Defense Expenses** and does not include **Equitable Relief.**

…



CLYDE & CO US LLP
401 UNION STREET • SUITE 1400
SEATTLE, WASHINGTON 98101
(206) 689-8500 • (206) 689-8501 FAX

**Personal Injury means:**

1. False arrest, detention or imprisonment;

2. Wrongful entry, eviction or other invasion of private occupancy;

3. Malicious prosecution;

4. Abuse of process;

5. The publication or utterance of libel, slander or other defamatory or disparaging material; or

6. A publication in violation of a person's right of privacy.

…

**Potential Claim** means a **Wrongful Act** or any facts or other circumstances which may subsequently give rise to a **Claim.**

**Professional Services** means those services described in Item 7. of the Declarations page which **You** perform for others for a fee.

…

**Property Damage** means physical injury to, loss, or destruction of tangible property, including the resulting loss of use thereof; or loss of use of tangible property which has not been physically injured or destroyed. Data is not tangible property.

…

**Wrongful Act** and **Wrongful Acts** means any actual or alleged negligent act, error, omission, misstatement or **Personal Injury**, in the rendering or failure to render **Your Professional Services.**

**E. EXCLUSIONS-WHAT THIS POLICY DOES NOT INSURE**



CLYDE & CO US LLP
401 UNION STREET • SUITE 1400
SEATTLE, WASHINGTON 98101
(206) 689-8500 • (206) 689-8501 FAX

This **Policy** does not apply to **Claim(s)** or **Supplemental Coverage Matter(s):**

1. Conduct

Based upon, arising out of, or in any way relating, directly or indirectly, to any **Insured** committing any intentional, dishonest or fraudulent act or omission, however, **We** will defend **Claims** alleging any of the foregoing conduct until there is a judgment, **Final Adjudication**, adverse admission or finding of fact against **You** arising out of the same, or essentially the same, material facts as such **Claim;**

2. Unearned Personal Profit

Based upon, arising out of, or in any way relating directly or indirectly to any **Insured** gaining any profit, remuneration or advantage to which such **Insured** was not legally entitled;

…

4. Non-Monetary Relief

Based upon, arising out of, or in any way related to, directly or indirectly, any demand for **Equitable Relief;**

…

7. Bodily Injury or Property Damage

Based upon, arising out of, or in any way related to, directly or indirectly, **Bodily Injury or Property Damage**, however that this exclusion does not apply to **Claims** of mental injury, mental anguish, mental tension, or emotional distress caused by **Personal Injury**. . . .

…

12. Deceptive Business Practices

Based upon, arising out of, or in any way related to,



CLYDE & CO US LLP
401 UNION STREET • SUITE 1400
SEATTLE, WASHINGTON 98101
(206) 689-8500 • (206) 689-8501 FAX

directly or indirectly, false advertising, misrepresentation in advertising, antitrust, unfair competition, restraint of trade, unfair or deceptive business practices, including but not limited to, violations of any local, state or federal consumer protection laws;

…

15. Contract

Based upon, arising out of, or in any way related to, directly or indirectly, liability **You** assume under any contract or agreement; however this exclusion does not apply to liability **You** would have in the absence of such contract or agreement;

18. The Policy also contains Form No. 910-1445 05/19 ("LANDLORD TENANT STATUTE EXCLUSION"), which provides:

This **Policy** does not apply to **Claim(s)** or **Supplemental Coverage Matter(s):**

Landlord Tenant Statute

Based upon, arising out of, or in any way relating to, directly or indirectly, any statutory penalties, fines, assessments, attorney fees or any interest, for any actual or alleged violation of any federal, state or local statute, ordinance or regulation regarding the rights and obligations of landlords and tenants of dwelling units; however, this exclusion does not apply to liability **You** would have in the absence of such statute, ordinance or regulation regarding the rights and obligations of landlords and tenants of dwelling units;

19. In addition, the Policy contains Form No. 910-1129 05/19 ("REAL ESTATE SCHEDULED COVERAGES"), which provides:

**REAL ESTATE COVERAGES SUB-LIMIT OF DEDUCTIBLE LIABILITY** (each **Claim)**

For each **Claim**; not to exceed / for all **Claims** in the aggregate.

Business Broker $0 / $0



CLYDE & CO US LLP
401 UNION STREET • SUITE 1400
SEATTLE, WASHINGTON 98101
(206) 689-8500 • (206) 689-8501 FAX

…

| | |
|---|---|
| Insurance Placement | $1,000,000 / $5,000<br>$1,000,000 |

…

| | |
|---|---|
| Property Manager for Owned Properties | $0 / $0 |
| Real Estate Agent for Constructed Or Developed Properties | $0 / $0 |
| Real Estate Agent for Owned Properties | $0 / $0 |

…

A separate each **Claim** and aggregate sublimit of liability, and deductible shall apply to each Real Estate Coverage shown on the Real Estate Coverage Schedule ("Schedule") above as applicable.

A. Section C.1. Limit of Liability is amended to include:

The each **Claim** sublimit of liability shown on the Schedule above is the most **We** will pay for the sum of all **Loss** arising out of a single **Claim**, Supplemental Coverage Matter or a series of related **Claim**s and **Supplemental Coverage Matters** in any way involving the corresponding coverage on the Schedule, regardless of the number of persons or entities insured under this Policy, number or Claims made or the number of persons or entities making Claims during the Policy Period or during any **Extended Reporting Period**, if any. The each **Claim** sublimit of liability shown on the Schedule above will be included within, and not in addition to, the aggregate limit of liability as shown in Item 3 of the Declarations Page.

The aggregate sublimit shown on the Schedule above is the most **We** will pay for the sum of all **Loss** for all **Claims** and **Supplemental Coverage Matters** in any way relating to the corresponding coverage on the Schedule which amount will be included within, and not in addition to, the aggregate Limit of Liability as shown in Item 3. of the Declarations page.

…



CLYDE & CO US LLP
401 UNION STREET • SUITE 1400
SEATTLE, WASHINGTON 98101
(206) 689-8500 • (206) 689-8501 FAX

B. Section C.2. Deductible, paragraph b., is deleted and replaced by:

b. If **We** request, and You agree, to use Mediation to resolve any **Claim** brought against You, and if the **Claim** is resolved by Mediation prior to commencement of litigation and within 180 days of the date such **Claim** being made, Your deductible obligation for that **Claim** will be reduced b 50%, subject to a maximum reduction of $5,000.

C. Section C.2. Deductible is amended to include:

The deductibles shown on this endorsement Schedule apply to each **Claim** and Supplemental Coverage Matter relating to the corresponding Real Estate Coverages. If no deductible is indicated on this endorsement Schedule for the service, the deductible for Claims and **Supplemental Coverage Matters** relating to the service will be the deductible shown on the Declarations page.

If different parts of a **Claim** are subject to different deductibles, the applicable deductible will be applied separately to each part of such **Claim** but the sum of such deductibles shall not exceed the largest applicable deductible.

Your deductible obligation for a **Claim** will be reduced by 50%, subject to a maximum reduction of $2,500, if the following conditions are met and such documentation is provided to **Us** with the initial notice of **Claim**:

1) A seller disclosure form was signed by the seller and acknowledged by the buyer prior to closing;

2) A home warranty was received by the buyer prior to or at closing;

3) A written home inspection report was issued by a licensed or certified home inspector and provided to the buyer prior to closing; and

4) A state or local board approved standard sales contract was utilized.



CLYDE & CO US LLP
401 UNION STREET • SUITE 1400
SEATTLE, WASHINGTON 98101
(206) 689-8500 • (206) 689-8501 FAX

The deductible reductions provided abo\e may not be combined. Only one reduction in Your deductible obligation may be applied to a single **Claim**. A deductible reduction will not be applied:

5) To any subsequent Claims in the Policy Period.

6) If the Policy is cancelled, terminated, non-renewed or subject to an **Extended Reporting Period**.

D. Section D. Definitions is amended to include:

**Constructed or Developed Property** means real property developed or constructed by:

1. Any **Insured**;

2. Any entity in which the **Insured** had a financial or a contemplated financial interest;

3. Any entity with a financial interest or contemplated financial interest in the **Named Insured**; or

4. Any entity under the same financial control as the **Named Insured**.

**Insurance Placement** means placement of property and casualty insurance for a property to which the **Named Insured** provides **Professional Services as a Property Manager**, through an insurance agent or broker.

…

**Owned Property** means real property owned by:

1. Any Insured;

2. Any entity in which the Insured had a financial or a contemplated financial interest;

3. Any entity with a financial interest or contemplated financial interest in the Named Insured; or

4. Any entity under the same financial control



CLYDE & CO US LLP
401 UNION STREET • SUITE 1400
SEATTLE, WASHINGTON 98101
(206) 689-8500 • (206) 689-8501 FAX

as the Named Insured.

**Property Manager** means a person or entity providing the following services regarding a commercial or residential property, including a Real Estate Owned (REO) property, foreclosure, or short sale, provided that all necessary licenses or certifications are held by the a person or entity at the time of the **Wrongful Act**:

1. Development and implementation of management plans and budget;

2. Oversight of physical maintenance of property;

3. Solicitation, evaluation, selecting and securing of tenants, management of tenant relations, collection of rent and processing evictions;

4. Development, implementation and management of loss control and risk management plans for real property;

5. Development, implementation and management of contracts and subcontracts necessary for the daily functioning of the property; or

6. Personnel administration and record keeping in connection with a managed property;

**Property Manager** does not include **Construction Manager**.

**Real Estate Agent** means a person or entity providing the following services regarding a commercial or residential real property, provided that all necessary licenses or certifications are held by the **Insured** at the time of the **Wrongful Act**:

agent, auctioneer, broker, referral agent, consultant or counselor in the sale or leasing of commercial or residential real estate relocation agent, photographer, real estate stager, notary public, and Short Term



CLYDE & CO US LLP
401 UNION STREET • SUITE 1400
SEATTLE, WASHINGTON 98101
(206) 689-8500 • (206) 689-8501 FAX

Escrow Agent.

E. Section E. Exclusions, Paragraphs . . . 17. are deleted and replaced by:

17. Insurance Placement

Based upon, arising out of, or in any way related to, directly or indirectly, **Your** advising, requiring, obtaining, or failing to advise, require, or obtain, any bond, suretyship or other form of insurance. However subject to the corresponding sublimit and deductible in the Schedule above, which shall apply to all **Loss** in any way involving **Insurance Placement**, this exclusion shall not apply to

a. The **Insured** follows the recommendations of, and places the insurance through, a properly licensed and insured Insurance agent or broker;

b. The insurance agent or broker is not an **Insured** or affiliated with any **Insured;** and

c. It is further agreed that this **Policy** shall not apply to intentional failure to effect or renew any insurance.

F. Section E. Exclusions is amended to include:

This **Policy** does not apply to **Claim**(s) or **Supplemental Coverage Matter(s):**

Based upon, arising out of, or in any way relating to, directly or indirectly:

…

h. Any implementation or management of any loss control or risk management plans;

…

k. Any services as a business broker, however subject to the corresponding sublimit and deductible in the



CLYDE & CO US LLP
401 UNION STREET • SUITE 1400
SEATTLE, WASHINGTON 98101
(206) 689-8500 • (206) 689-8501 FAX

Schedule above, which shall apply to all **Loss** in any way involving services as a business broker, this exclusion k. shall not apply to services as a business broker;

…

n. The formation, syndication, operations or administration of any property syndication, or real estate investment trust or any other form of corporation, general or limited partnership or joint venture formed for the purpose of investing in, selling or maintaining real property including those syndications, trusts, corporations, partnerships or joint ventures in which the Insured has, had or intended to have a participating interest directly or indirectly in the profits or losses thereof;

o. Any actual or attempted sale, purchase, leasing, appraisal, or property management of **Owned Property**. However, in regard to:

1) Services as **Property Manager** that in any way involve **Owned Property**, however subject to the corresponding sublimit and deductible in the Schedule above, this exclusion o.1) shall not apply if:

(a) The **Claim** is not brought or maintained by, on behalf of, in the right of, or at the direction of any other owner, or any business entity that is owned, managed or operated, directly or indirectly by any other owner, in any capacity; or

(b) If the **Claim** is brought or maintained by, on behalf of, in the right of, or at the direction of any other owner, or any business entity that is owned, managed or operated, directly or indirectly by any other owner, in any capacity, the amounts payable as **Loss** by **Us** will be reduced by that percent of the ownership/equity



CLYDE & CO US LLP
401 UNION STREET • SUITE 1400
SEATTLE, WASHINGTON 98101
(206) 689-8500 • (206) 689-8501 FAX

owned by all **Insureds** and all **Insureds'** Immediate Family.

2) The actual or attempted sale or leasing of real property in which the combined ownership interest of all **Insureds** was less than 20% at the time of the sale or lease, this exclusion o.2) shall not apply;

…

20. Hanover incorporates by reference all terms, conditions, provisions, definitions, limitations, exclusions, and endorsements of the Policy into this Complaint as if fully set forth herein.

21. The Policy, by its terms, conditions, provisions, definitions, limitations, exclusions, and endorsements, only provides coverage to the extent: (a) all elements of the Policy's Insuring Agreement are satisfied, including without limitation the requirements that those sums the insured becomes legally obligated to pay be "damages" because of a "Wrongful Act"; (b) all exclusionary or limitation provisions are not applicable; and (c) if the insured complies with all applicable conditions and duties under the Policy.

22. Hanover is providing Marathon a defense in the Underlying Action under the Policy under full and express reservation of rights, including without limitation the right to disclaim coverage based on the operation of the Policy provisions above, withdraw from defense, limit payment of defense costs, and file this declaratory judgment action.

23. Hanover asserts there is no coverage under the Policy for the allegations, at least in part, because the lawsuit involves allegations of property management of **Owned Property**, as that term is defined in the Policy. In particular, the real property that is alleged to be managed by Marathon, is owned by an entity under the same financial control as the Marathon, and/or is owned



CLYDE & CO US LLP
401 UNION STREET • SUITE 1400
SEATTLE, WASHINGTON 98101
(206) 689-8500 • (206) 689-8501 FAX

by an entity with a financial interest or contemplated financial interest in Marathon.

24. Upon information and belief the owners of the real property at issue in the Underlying Action and Marathon share a common manager and owner. The Underlying Action specifically alleges that they are operated as a single enterprise.

25. Additionally, Hanover asserts there is no coverage under the Policy, in part, because the Underlying Action seeks monetary amounts that are excluded under the Landlord Tenant Statute exclusion in the Policy.

**CLAIM FOR RELIEF**
**(Declaratory Judgment – No Duty to Defend or Indemnify)**

26. Hanover repeats and reiterates the allegations contained in Paragraphs 1-25 as though fully set forth herein.

27. An actual controversy exists between Hanover and Marathon as to whether Hanover is obligated under the Policy to defend or indemnify Marathon for the allegations and claims asserted against it in the Underlying Action.

28. Hanover asks that this Court declare the rights, obligations, and liabilities of the parties under the Policy with respect to Friend's claims against Marathon in the Underlying Action. Specifically, Hanover is entitled to a judgment, under 28 U.S.C. §2201 and Rule 57 of the Federal Rules of Civil Procedure, declaring and adjudging in its favor on the following declarations of law:

a. Hanover's duty to defend Marathon in the Underlying Action is based on the operative complaint in the Underlying Action, Friend's First Amended Complaint.

b. Friend does not assert a "wrongful act," as that term is defined by the Policy.

c. Because there is no "wrongful act," the Underlying Action does not



CLYDE & CO US LLP
401 UNION STREET • SUITE 1400
SEATTLE, WASHINGTON 98101
(206) 689-8500 • (206) 689-8501 FAX

implicate the Policy's insuring agreement.

d. Even if the Underlying Action is implicated by the insuring agreement, the allegations are otherwise excluded by one or more exclusions in the Policy, including but not limited to (1) the Landlord Tenant exclusion, (2) the intentional conduct exclusion, (3) the Non-Monetary Relief Exclusion, (4) Deceptive Business Practice exclusion, (5) Contract Exclusion and (6) the property management of Owned Property exclusion.

e. Hanover has no duty to indemnify Marathon for non-covered claims and no duty to pay or settle claims not covered under the Policy.

29. In its reservation of rights letter to Marathon, Hanover notified it of the potential applicability of the Policy's terms, conditions, limitations, and exclusions to the Underlying Action and reserved all rights under the Policy, and at law, including the right to initiate litigation to determine Hanover's and Marathon's rights.

30. This action is ripe for declaratory judgment under Rule 57 of the Federal Rules of Civil Procedure as authorized by 28 U.S.C. §2201. A final ruling by this Court will determine the rights and obligations of the parties and will settle the controversy between them as to these insurance coverage issues.

31. Accordingly, Hanover requests that this Court declare the relative rights, duties, and obligations of the parties to this action under the Policy. Hanover requests that the Court declare that it has no obligation to provide coverage to Marathon under the Policy as to the Underlying Action, including a duty to defend or indemnify Marathon for the class claims asserted against him in the Underlying Action.



CLYDE & CO US LLP
401 UNION STREET • SUITE 1400
SEATTLE, WASHINGTON 98101
(206) 689-8500 • (206) 689-8501 FAX

**PRAYER**

WHEREFORE, Hanover demands judgment against Marathon and David Friend as follows:

1. Declaring and decree in Hanover's favor that it has no duty to defend or indemnify Marathon.

2. Deny Marathon any recovery in this action.

3. Ordering such other and further relief as the Court shall deem just and equitable.

Dated this 5th day of May, 2026

*s/ Ryan J. Hesselgesser*
Ryan J. Hesselgesser, OSB #132399
Clyde & Co US LLP
401 Union St, Suite 1400
Seattle, WA 98101
Phone: (206) 689-8500
Ryan.Hesselgesser@clydeco.com
*Attorneys for Plaintiff*